

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. Earl Hutchings
County Auditor
Young County
Graham, Texas

Dear Sir:                    Opinion No. 0-6436
                             Re: Commissions earned by the
                                 County Attorney and Sheriff
                                 of Young County.

        Your letter of February 20, 1945, requesting the
opinion of this department on the questions stated therein,
is as follows:

        "Will you please give your opinion on the
following question.

        "Young County was operating under the Fees
System for the year 1943, and under the Salary
System for the years 1944, and 1945.

        "A criminal case was filed in the County
Court on February 1943, a trial was had and re-
sult conviction, and a fine of $400.00, and cost.
The case was taken up on an appeal, and the lower
court actions were sustained. The fine and all
cost were paid on January 17, 1945.

        "The Sheriff had earned $5.75, as his fees
back in 1943, the County Attorney at earned $10.00.
Both officers made their annual report for the
year 1943, and attached a list of delinquent fees
in this and all other cases. The County Attorney
included in additional to his fee of $10.00, the
commission of $40.00, which was the 10% as set out
in Article 950, Code of Criminal Procedure. The
Sheriff included the $5.75, but did not include
$20.00, or his 5% which is allowed under Article
951, Code of Criminal Procedure.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable G. Earl Hutchings, Page 2

"The question is when was the commission of the County Attorney earned? and was he justifiable in setting this up as a delinquent fee?

"When was the commission of the sheriff earned?

"Both of these officers failed to reach the maximum of fees for the year 1943."

Articles 950 and 951, Vernon's Annotated Code of Criminal Procedure are as follows:

"Article 950. The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected.

"Article 951. The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected."

Article 3892, Vernon's Annotated Civil Statutes, provides in part:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the officer to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he

ceases to hold the office, the amount of fees collected shall be paid into the county treasury. . ."

Article 3897, Vernon's Annotated Civil Statutes, provides in part:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. . . ."

Article 3891, Vernon's Annotated Civil Statutes, provides in part:

". . .

"All current fees earned and collected by officers named in Article 3883 during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected and not used as provided in Article 3892, or used to pay salaries of deputies and assistants when current fees are insufficient, shall be paid into the County Treasury in the county where the excess accrued.

"All fees due and not collected, as shown
in the report required by Article 3897, shall be
collected by the officer to whose office the fees
accrued and shall be disposed of by said officer
in accordance with the provisions of this Act.

". . . ."

In answer to your first question you are respect-
fully advised it is the opinion of this department that the
county attorney earned the commission in question when he
obtained a final judgment in the county court in the case
involved and that the county attorney was not only justified
in setting up this commission as a delinquent fee but was
required to do so under the provisions of the foregoing stat-
utes. It is our further opinion that the county attorney
who obtained the judgment in the county court is entitled
to personally retain the Ten Dollar ($10.00) fee and the
Forty Dollar ($40.00) commission, provided, of course, this
amount does not increase his compensation beyond the maxi-
mum compensation which he was entitled to for the year 1943.

In reply to your second question you are advised
that it is our opinion that the sheriff earned the commis-
sion authorized by Article 951, Vernon's Annotated Code of
Criminal Procedure when he actually collected the money. In
other words, if the sheriff did not actually collect the fine
he is not entitled to any commission. The sheriff is legally
entitled to retain the Five Dollars and Seventy-five Cents
($5.75) as fees earned in 1943, provided, of course, this
amount does not increase his compensation beyond the maximum
allowed by law for the year 1943. If the sheriff actually
collected the fine on January 17, 1945, said fee was earned,
as above stated, when he actually collected the fine and un-
der the Officers' Salary Law he is required to deposit this
commission in the Officers' Salary Fund as the county is now
compensating county officials on an annual salary basis.
The sheriff properly excluded the commission in his 1943 re-
port as it was not earned at that time.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED MAR 8 1945

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY

AW:mp